**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

GILBERT J. SEDILLO, JR.,
        Plaintiff,

vs.                                                                               No. CV 19-00253 RB/CG

STATE OF NEW MEXICO ADULT PAROLE BOARD,
SANDRA DIETZ, KRISTINE RING, ELIJAH
LANGSTON, JANYE EVANS, NATALIE MARQUEZ,
        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court under 28 U.S.C. §§ 1915A and 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) on the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Gilbert J. Sedillo, Jr. (Doc. 1.) The Court will dismiss the Complaint for failure to state a claim and as barred by immunity and *Heck v. Humphry*, 512 U.S. 477, 487 (1994).

**I.  Factual and Procedural Background**

Sedillo brings civil rights claims against the New Mexico Adult Parole Board and its members or officials, Sandra Dietz, Kristine Ring, Elijah Langston, Janye Evans, and Natalie Marquez. (Doc. 1 at 1, 3.) Sedillo claims that his due process and Eighth Amendment rights were violated at a preliminary probation revocation hearing. (*Id.* at 2, 4–5.) He asks the Court to grant him:

> An injunction that all people that request a preliminary hearing and an attorney to be present be granted their right to do so; and also compensate me punitive damages from all Defendants in the amount of $2500.00 dollars for every day that I'm incarcerated due to these violations of my civil rights . . . .

(*Id.* at 6.)

**II.  The Law Regarding Dismissal for Failure to State a Claim**

Sedillo is proceeding pro se and *in forma pauperis*. The Court has the discretion to dismiss

1

an *in forma pauperis* complaint *sua sponte* for failure to state a claim upon which relief may be granted under either Rule 12(b)(6) or 28 U.S.C. § 1915(e)(2)(B). Under Rule 12(b)(6) the Court must accept all well-pled factual allegations, but not conclusory, unsupported allegations, and may not consider matters outside the pleading. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dunn v. White*, 880 F.2d 1188, 1190 (10th Cir. 1989). The court may dismiss a complaint under Rule 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Okla. Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim should be dismissed where it is legally or factually insufficient to state a plausible claim for relief. *Id.*

Under § 1915(e)(2)(B) the court may dismiss the complaint at any time if the court determines the action fails to state a claim for relief or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(ii). The authority granted by § 1915 permits the court the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Hall*, 935 F.2d at 1109. The authority to "pierce the veil of the complaint's factual allegations" means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). The court is not required to accept the truth of the plaintiff's allegations but, instead, may go beyond the pleadings and consider any other materials filed by the parties, as well as court proceedings subject to judicial notice. *Id.*

In reviewing a pro se complaint, the Court liberally construes the factual allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992). A pro se plaintiff's pleadings are judged by the same legal standards that apply to all litigants, however, and a pro se plaintiff must abide by the applicable rules of court. *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994). The court is not obligated to craft legal theories for the plaintiff or to supply factual allegations to support the plaintiff's claims. Nor may the court assume the role of advocate for the pro se litigant. *Hall*, 935 F.2d at 1110.

**III.     The Law Regarding Section 1983 Civil Rights Claims**

Section 1983 is the exclusive vehicle for vindication of substantive rights under the U.S. Constitution. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (Section 1983 creates no substantive rights; rather it is the means through which a plaintiff may seek redress for deprivations of rights established in the Constitution); *Bolden v. City of Topeka*, 441 F.3d 1129 (10th Cir. 2006). Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 2006).

Further, a civil rights action against a public official or entity may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff

must plead that each government official, through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Plaintiff must allege some personal involvement by an identified official in the alleged constitutional violation to succeed under § 1983. *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008). Nor do generalized statements that defendants caused the deprivation of a constitutional right, without plausible supporting factual allegations, state any claim for relief. *Id.*

## IV. Analysis of Plaintiff's Claims

Sedillo seeks to recover damages from members and officials of the New Mexico Adult Parole Board for acts or omissions that occurred during proceedings to revoke Sedillo's parole. (Doc. 1 at 2, 4–5, 8–15.) To the extent Sedillo may be trying to obtain relief against the New Mexico Adult Parole Board, it is an agency of the State of New Mexico. The State is not a "person" within the meaning of 42 U.S.C. § 1983 and, therefore, there is no remedy against the State under § 1983. Any claims against the New Mexico Adult Parole Board fail to state a claim for relief under § 1983. *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 63–64 (1989).

Similarly, any official capacity claims against the members and officials of the Board are claims against the State of New Mexico and are not cognizable in a § 1983 proceeding. *Id.* Official-capacity suits are generally only another way of pleading an action against an entity of which an officer is an agent. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). "Neither states nor state officers sued in their official capacity are 'persons' subject to suit under section 1983." *Duncan v. Gunter*, 15 F.3d 989, 991 (10th Cir. 1994). The Complaint does not state any official capacity

claim for relief against members or officers of the New Mexico Adult Parole Board. *See Graham v. Waters*, 805 F. App'x 572, 578 (10th Cir. 2020).

In addition, the New Mexico Adult Parole Board and its members or officials are immune from damages liability for actions taken in performance of the Board's official duties regarding the granting or denial of parole. *Knoll v. Webster,* 838 F.2d 450, 451 (10th Cir. 1988). Parole board members "have absolute immunity 'from damages liability for actions taken in performance of the [b]oard's official duties regarding the granting or denying of parole.'" *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992); *see also Giese v. Scafe*, 133 F. App'x 567, 569 (10th Cir. 2005). Sedillo's Complaint alleges claims against members and officers of the New Mexico Adult Probation Board for actions taken in performance of their duties. (Doc. 1 at 2, 4–5, 8–15.) Sedillo's claims against members and officers of the New Mexico Adult Parole Board are barred by absolute immunity and damages are not available against these Defendants under these circumstances. *See Russ*, 972 F.2d at 303.

Last, Sedillo seeks an injunction and damages for alleged procedural violations during a probation revocation hearing. (Doc. 1 at 6.) A § 1983 complaint for damages caused by an allegedly unconstitutional conviction or imprisonment "must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487. *Heck* bars any claim for damages if the claim's success "would necessarily imply the invalidity of [the] conviction or sentence." 512 U.S. at 487. A state prisoner's § 1983 action is barred absent prior invalidation regardless of the type of relief sought if success in the action would necessarily demonstrate the invalidity of confinement or its duration."). *Graham*, 805 F. App'x at 577–78 (10th Cir. 2020); *see also Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1094 (10th Cir. 2009).

5

*Heck* also bars proceedings challenging "the fact or duration of parole." *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir.1996); *Hudson v. Mason*, 445 F. App'x 139, 140–41 (10th Cir. 2011). *Heck* has been held to clearly apply to parole revocations. *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996). Plaintiff Sedillo's conviction and sentence have not been set aside or invalidated and, therefore, *Heck* bars Sedillo's claims for relief against the New Mexico Adult Parole Board and its members or officials. *Schwartz v. N.M. Corr. Dep't Prob. & Parole*, 384 F. App'x 726, 730 (10th Cir. 2010).

Sedillo may not seek relief against the New Mexico Adult Parole Board in a § 1983 proceeding but, instead, may only pursue that relief through a habeas corpus claim under 28 U.S.C. § 2241. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004); *Frey v. Adams Cnty. Court Servs.*, 267 F.App.'x 811, 813 (10th Cir. 2008). Challenges to a parole revocation decision fall within the purview of the federal habeas statute. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to the immediate release or a speedier release from that imprisonment, his sole remedy is a writ of habeas corpus"); *see also United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997); *Graham*, 805 F. App'x at 578. Sedillo's claims are not cognizable and fail to state a § 1983 claim upon which relief can be granted.

**THEREFORE,**

**IT IS ORDERED** that the Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 filed by Plaintiff Gilbert J. Sedillo Jr. (Doc. 1) is **DISMISSED** without prejudice to a habeas corpus petition under 28 U.S.C. § 2241.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE